# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| **VILMA LAMICA** | * | **C.A. NO.:** |
| | * | |
| Plaintiff, | * | |
| | * | |
| versus | * | **JUDGE:** |
| | * | |
| | * | |
| | * | |
| **USAA GENERAL INDEMNITY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## USAA GENERAL INDEMNITY COMPANY'S NOTICE OF REMOVAL

Defendant, USAA GENERAL INDEMNITY COMPANY ("USAA GIC"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal to this Court of the case styled <u>VILMA LAMICA V. USAA GENERAL INDEMNITY COMPANY</u>, Case No. 2022-CA-11837 filed the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. As grounds for this removal, USAA GIC states the following:

1. On November 28, 2022, Plaintiff VILMA LAMICA ("Plaintiff") filed her Complaint in the Circuit Court of the Seventh Judicial Circuit in and for Volusia

05079813

County seeking damages against USAA GIC for uninsured/underinsured motorist ("UM") benefits. *The Complaint is attached as* Exhibit "A."

2. USAA GIC was served with the Complaint on December 14, 2022.

3. USAA GIC issued an Automobile Policy which provided insurance to Plaintiff with stacked UM motorist benefits in the amount of $500,000.00 per person multiplied by four vehicles, for a total amount of $2,000,000.00 per person. ("Policy"). *The Declarations Page of the Policy is attached as* Exhibit "B."

4. Plaintiff is a listed operator of the vehicles on the Policy. *Id*.

5. On October 29, 2018, Plaintiff allegedly sustained injuries due to a motor vehicle accident with a negligent driver. *See* Exhibit A at ¶ 8-9.

6. According to Plaintiff's Complaint, she is a resident of Volusia County. *See* Exhibit A at ¶ 2.

7. Prior to filing the instant suit for UM benefits, Plaintiff filed a Civil Remedy Notice on November 23, 2022, which claims Plaintiff was permanently injured, and that to cure the claimed violations, USAA GIC could pay $1,875,000.00. *The CRN is attached as* Exhibit "C."

8. The Civil Cover Sheet accompanying Plaintiff's Complaint states that the amount of Plaintiff's claim is "over $100,000." *See Civil Cover Sheet attached as part of* Exhibit "E."

9. Defendant USAA GIC removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

10. "A district court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000." *Noyes v. Universal Underwriters Ins. Co.*, 3 F. Supp. 3d 1356, 1359 (M.D. Fla. 2014). *See also Lett v. Wells Fargo Bank, N.A.*, 233 F. Supp. 3d 1330, 1335 (S.D. Fla. 2016).

I. **Plaintiff and USAA GIC are of diverse citizenship**

11. Plaintiff is a citizen of Volusia County, Florida, per the Complaint. *See* Ex. A.

12. USAA GIC is a foreign corporation, incorporated in the State of Texas, with its principal place of business in San Antonio, Texas.

13. Thus, for the purpose of determining whether diversity jurisdiction exists, USAA GIC is a citizen of Texas. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business").

## II. **The amount in controversy is in excess of $75,000.00, exclusive of costs and interest.**

14. When determining the amount in controversy, a court is permitted to make reasonable deductions, inferences, or other extrapolations, as well as use judicial experience and common sense. *Olge v. Kaufman Tire Inc.*, 2016 WL 3913138 at *1 (M.D. Fla. July 20, 2016)). As explained in *Pretka v. Kolter City Plaza II, Inc.*:

> The amount in controversy is not, however, determined by a plaintiff's likelihood of success, but rather how much she has put at issue in the case: '[t]he [plaintiff's] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the [plaintiff is] ultimately likely to recover" *Prteka*, 608 F.3d at 751; (quoting *Amoche v. Guarnatee Trust Life Ins. Co.*, 566 F.3d 41, 51 (1st Cir. 2009)); see also *Ailin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 773462, at *1 (M.D. Fla. Jan. 30, 2014) (citation omitted) ("in determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether plaintiff will actually recover sufficient damages.").

*See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. June 8, 2010).

15. Here, the UM motorist policy limits, the allegations of Plaintiff's Complaint, and the CRN filed by Plaintiff support a reasonable inference that the

amount in controversy exceeds $75,000, exclusive of fees and costs. *See* Ex. A, B, and C.

16. Moreover, Plaintiff's Complaint and CRN claim that the injuries to Plaintiff are permanent, thus purportedly entitling Plaintiff to non-economic damages. *See* Ex. A, C.

17. Therefore, the amount in controversy exceeds the $75,000 jurisdictional amount, exclusive of costs and interest.

III.    **Conclusion**

18. This Notice of Removal is timely filed within thirty days of the date of service which occurred on December 14, 2022. 28. U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

19. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states (Plaintiff, Florida and USAA GIC, Texas) and the amount in controversy clearly exceeds the sum of $75,000.

20. Venue is proper in this Court because the case is being removed from the Circuit Court of the Seventh Judicial Circuit of Florida. 28 U.S.C. §§ 1441(a) and 1446(a).

21. USAA GIC will file with the Clerk of Court for the Circuit Court in and for Volusia County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d). *The Notice to File Notice of Removal is attached as* Exhibit "D."

22. A list of the parties and copies of all available process, pleadings, and orders filed in the state court case are attached hereto as Exhibit "E." *A copy of the Alachua County Clerk of Court's docket is attached hereto as* Exhibit "F."

**WHEREFORE,** Defendant USAA GENERAL INDEMNITY COMPANY removes this action from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida to this Honorable Court and respectfully requests that this Honorable Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted this 13th day of January 2023.

**BOYD & JENERETTE, P.A.**

_____
**KRISTEN M VAN DER LINDE**
Florida Bar No. 0964573
**LEAD COUNSEL**
WALKER E. BERRY
Florida Bar No. 1026086
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-353-2863 – Facsimile

                                                Attorneys for Defendant
                                                Primary Address for E-service:
                                                efiling@boydjen.com

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document s being served this day to William M. Chanfrau, Jr. Esq. (Attorney for Plaintiff) (williamjr@chanfraulaw.com; jessica@chanfraulaw.com; lindsy@chanfraulaw.com) Chanfrau & Chanfrau, 701 N Peninsula Dr, Daytona Beach, Florida 32118 on this 13th day of January, 2023.

                                                _____
                                                **ATTORNEY**